ORIGINAL

1 | THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
2 | *A Professional Law Corporation*
4328 Redwood Hwy., Suite 300
3 | San Rafael, CA 94903
Telephone:    415/444-5800
4 | Facsimile:    415/444-5805    E-filing



FILED

SEP   9 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



5 | Attorneys for Plaintiffs
MARSHALL LOSKOT
6 | and DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
7 | SERVICES: HELPING YOU
HELP OTHERS

8

9 |                          CV  08        4251

10 |               UNITED STATES DISTRICT COURT

11 |              NORTHERN DISTRICT OF CALIFORNIA

12 | MARSHALL LOSKOT, an individual; and ) | **CASE NO.**
DISABILITY RIGHTS, ENFORCEMENT, ) | **Civil Rights**
13 | EDUCATION, SERVICES:HELPING YOU) |
HELP OTHERS, a California public benefit ) | **COMPLAINT FOR INJUNCTIVE RELIEF**
14 | corporation, ) | **AND DAMAGES:**
   | )
15 |     Plaintiffs, ) | **1st CAUSE OF ACTION:** For Denial of Access
   | ) | by a Public Accommodation in Violation of the
16 | v. ) | Americans with Disabilities Act of 1990 (42
   | ) | U.S.C. §12101, *et seq.*)
17 | AMERICAS BEST VALUE INN; DILIP R. ) |
PATEL and JAJA D. PATEL, individuals ) | **2nd CAUSE OF ACTION:** For Denial of Full
18 | dba AMERICAS BEST VALUE INN; and ) | and Equal Access in Violation of California
RTRN INVESTMENT LLC, a limited ) | Civil Code §§54, 54.1 and 54.3
19 | liability company, ) |
   | ) | **3rd CAUSE OF ACTION:** For Denial of
20 |     Defendants. ) | Accessible Sanitary Facilities in Violation of
   | ) | California Health & Safety Code §19955, *et seq.*
21 | ———————————————— |
   | | **4th CAUSE OF ACTION:** For Denial of
22 | | Access to Full and Equal Accommodations,
   | | Advantages, Facilities, Privileges and/or
23 | | Services in Violation of California Civil Code
   | | §51, *et seq.* (The Unruh Civil Rights Act)
24 |
25 |
26 | | **DEMAND FOR JURY**
27 |
28 |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1   Plaintiffs MARSHALL LOSKOT, an individual; and DISABILITY RIGHTS,

2   ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California

3   public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of

4   defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE

5   INN; and RTRN INVESTMENT LLC, a limited liability company and allege as follows:

6   **INTRODUCTION:**

7       1.      This is a civil rights action for discrimination against persons with physical

8   disabilities, of which class plaintiff MARSHALL LOSKOT and the membership of DREES are

9   members, for failure to remove architectural barriers structural in nature at defendants'

10  AMERICAS BEST VALUE INN, a place of public accommodation, thereby discriminatorily

11  denying plaintiffs and the class of other similarly situated persons with physical disabilities

12  access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the

13  goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and

14  damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*;

15  California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et*

16  *seq.*

17      2.      Plaintiff MARSHALL LOSKOT is a person with physical disabilities who, on or

18  about February 12, 2008, February 13, 2008 and June 4, 2008, was an invitee, guest, patron,

19  customer at defendants' AMERICAS BEST VALUE INN, in the City of Mill Valley, California.

20  At said time and place, defendants failed to provide proper legal access to the Inn, which is a

21  "public accommodation" and/or a "public facility" including, but not limited to signage, parking,

22  lobby and guestrooms.  The denial of access was in violation of both federal and California legal

23  requirements, and plaintiff MARSHALL LOSKOT suffered violation of his civil rights to full

24  and equal access, and was embarrassed and humiliated.

25  ///

26  ///

27  ///

28  ///

1  **JURISDICTION AND VENUE:**

2      3.    **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C.

3  §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

4  Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

5  nucleus of operative facts and arising out of the same transactions, are also brought under parallel

6  California law, whose goals are closely tied with the ADA, including but not limited to violations

7  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

8  *seq.*, including §19959; Title 24 California Building Standards Code.

9      4.    **Venue:** Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

10 founded on the facts that the real property which is the subject of this action is located at/near

11 155 Shoreline Highway, in the City of Mill Valley, County of Marin, State of California, and that

12 plaintiffs' causes of action arose in this county.

13 **PARTIES:**

14     5.    Plaintiff MARSHALL LOSKOT is a "physically handicapped person", a

15 "physically disabled person", and a "person with physical disabilities" (hereinafter the terms

16 "physically disabled", "physically handicapped" and "person with physical disabilities" are used

17 interchangeably, as these words have similar or identical common usage and legal meaning, but

18 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

19 handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, and 54.1, and other

20 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

21 MARSHALL LOSKOT is a "person with physical disabilities", as defined by all applicable

22 California and United States laws. Plaintiff is a Paraplegic. Plaintiff MARSHALL LOSKOT

23 requires the use of a wheelchair to travel about in public. Consequently, plaintiff MARSHALL

24 LOSKOT is a member of that portion of the public whose rights are protected by the provisions

25 of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by

26 Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code

27 §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities

28 Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.    Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.    That members of DREES, like plaintiff MARSHALL LOSKOT, will or have been guests and invitees at the subject AMERICAS BEST VALUE INN, and that the interests of plaintiff DREES in removing architectural barriers at the subject Inn advance the purposes of DREES to assure that all public accommodations, including the subject Inn, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.    Defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as AMERICAS BEST VALUE INN, located at/near 155 Shoreline Highway, Mill Valley, California, or of the building and/or buildings which constitute said public accommodation.

9.    At all times relevant to this complaint, defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company, own and operate in joint venture the subject AMERICAS BEST VALUE INN as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

1    10.    At all times relevant to this complaint, defendants DILIP R. PATEL and JAJA D.

2    PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a

3    limited liability company  are jointly and severally responsible to identify and remove

4    architectural barriers at the subject AMERICAS BEST VALUE INN pursuant to Code of Federal

5    Regulations title 28, section 36.201(b), which states in pertinent part:

6        **§ 36.201       General**

7            (b) *Landlord and tenant responsibilities.* Both the landlord
             who owns the building that houses a place of public
8            accommodation and the tenant who owns or operates the place of
             public accommodation are public accommodations subject to the
9            requirements of this part.  As between the parties, allocation of
             responsibility for complying with the obligations of this part may
10           be determined by lease or other contract.

11           28 CFR §36.201(b)

12   **PRELIMINARY FACTUAL ALLEGATIONS:**

13   11.    The AMERICAS BEST VALUE INN, is a hotel, located at/near 155 Shoreline

14   Highway, Mill Valley, California.  The AMERICAS BEST VALUE INN, its signage, parking,

15   lobby, guestrooms and its other facilities are each a "place of public accommodation or facility"

16   subject to the barrier removal requirements of the Americans with Disabilities Act.  On

17   information and belief, each such facility has, since July 1, 1970, undergone "alterations,

18   structural repairs and additions", each of which has subjected the AMERICAS BEST VALUE

19   INN and each of its facilities, its signage, parking, lobby and guestrooms to disability access

20   requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and

21   Title 24 of the California Code of regulations (Title 24).

22   12.    At all times stated herein, plaintiff MARSHALL LOSKOT was a member of

23   DREES.

24   13.    At all times referred to herein and continuing to the present time, defendants, and

25   each of them, advertised, publicized and held out the AMERICAS BEST VALUE INN as being

26   handicapped accessible and handicapped usable.

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14. On or about, but before February 12, 2008, plaintiff MARSHALL LOSKOT made a reservation for a handicap accessible room at the AMERICAS BEST VALUE INN.

15. On or about February 12, 2008, February 13, 2008 and June 4, 2008, plaintiff MARSHALL LOSKOT was an invitee and guest at the subject AMERICAS BEST VALUE INN, with his caregiver, for purposes of an overnight stay.

16. On or about February 12, 2008, plaintiff MARSHALL LOSKOT drove into the parking lot of the AMERICAS BEST VALUE INN and saw that there was no van accessible parking and signage for the disabled. There was only one (1) improperly striped and marked parking stall for alleged use by the disabled.

17. At said time and place, plaintiff MARSHALL LOSKOT parked his vehicle and proceeded to the lobby. The lobby counter was too high to use to conduct business.

18. At said time and place, plaintiff MARSHALL LOSKOT was provided with a room which was not accessible:

- The threshold to the front door was two inches to two and half inches (2" to 2 ½") in height;

- The bathroom was not accessible;

- The rear door was not operable; and

- There was a lack of levered hardware.

19. At said time and place, plaintiff MARSHALL LOSKOT needed to use a restroom. As plaintiff MARSHALL LOSKOT could not enter the subject restroom, plaintiff MARSHALL LOSKOT was compelled to do a "digital evacuation" on his body.

20. On or about February 13, 2008, plaintiff MARSHALL LOSKOT encountered all of the same barriers that existed the day before.

21. On or about February 21, 2008, plaintiff MARSHALL LOSKOT wrote both the landlord and the tenant about the architectural barriers that he had encountered, and plaintiff MARSHALL LOSKOT provided them with sources to secure information for self evaluation and ultimately remedial work.

///

1  Plaintiff MARSHALL LOSKOT sought a written guarantee that the work would be done and a

2  specific list of the remedial work which would be undertaken.  Plaintiff MARSHALL LOSKOT

3  received a written response but it did not address any of the issues raised by plaintiff

4  MARSHALL LOSKOT.

5       22.    On or about March 18, 2008, plaintiff MARSHALL LOSKOT wrote his third (3rd)

6  & fourth (4th) letter(s) to the landlord and the tenant about not addressing the issues raised in his

7  February 21, 2008, letter.

8       23.    On or about March 25, 2008, defendant, DILIP R. PATEL wrote to plaintiff

9  MARSHALL LOSKOT.  Mr. Patel addressed some of the issues, but also stated that he believed

10  the bathroom was accessible.

11       24.    On or about April 28, 2008, plaintiff MARSHALL LOSKOT wrote his fifth (5th)

12  letter to the Inn, again, demanding a written guarantee and list of what and when the work would

13  be done.  All of said letter(s) are attached as exhibit "A."

14       25.    On or about, but  before June 4, 2008, plaintiff MARSHALL LOSKOT called the

15  AMERICAS BET VALUE INN to make a reservation for a handicap accessible room.  Plaintiff

16  MARSHALL LOSKOT was informed that the Inn had an accessible guestroom.  Plaintiff

17  MARSHALL LOSKOT made a reservation for an accessible room.

18       26.    On or about June 4, 2008, plaintiff MARSHALL LOSKOT arrived at

19  AMERICAS BEST VALUE INN.  The only remedial work done was the threshold had been

20  ramped and the rear door was fixed with the levered hardware, (the door was replaced with door

21  knobs).  However, the handicap parking was not addressed, the bathroom was still not accessible

22  and the registration counter was still too high.

23       27.    At said time and place, plaintiff MARSHALL LOSKOT not being able to use the

24  restroom returned to the front desk and secured a refund.  Plaintiff MARSHALL LOSKOT, then

25  left.

26  ///

27  ///

28  ///

28. Therefore, at said time(s) and place, plaintiff MARSHALL LOSKOT, a person with a disability, encountered the following inaccessible elements of the subject AMERICAS BEST VALUE INN which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a. lack of directional signage to show accessible routes of travel, i.e. entrances;

b. lack of the requisite number of regular disabled parking stall(s);

c. lack of disabled van accessible parking stall(s);

d. lack of tow-a-way signage;

e lack of handicapped accessible registration counter;

f. lack of the requisite number of accessible guestrooms by classification;

g. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities;

h. Lack of a reservation policy, practice and procedure to "hold" disabled guest rooms for persons with disabilities before selling said rooms to the general public; and

i Plaintiff is informed and believes defendants lack a policy, practice and procedure of having available guest rooms for persons with disabilities. (Plaintiff seeks the implementation of a policy, practice and procedure that handicapped accessible guest rooms will not be sold unless specifically requested or until all other rooms are sold to the general public to ensure the availability of guest rooms to persons with disabilities.

29. At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

30. At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff MARSHALL LOSKOT from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Therefore as a legal result of defendants breach of duty to remove those barriers encountered by

2   plaintiff, plaintiff suffered bodily injury.

3        31.    As a legal result of defendants DILIP R. PATEL and JAJA D. PATEL, individuals

4   dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability

5   company 's failure to act as a reasonable and prudent public accommodation in identifying,

6   removing or creating architectural barriers, policies, practices and procedures that denied access to

7   plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

8        32.    As a legal result of defendants' actions or omissions as stated herein and

9   defendants' denial of access to plaintiff to all or part of the facilities constituting the public

10  accommodations which comprise the AMERICAS BEST VALUE INN, plaintiff was wrongfully

11  evicted and/or rejected by defendants, and each of them.

12       33.    As a further legal result of the actions and failure to act of defendants, and as a

13  legal result of the failure to provide proper handicapped-accessible public facilities as set forth

14  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff

15  MARSHALL LOSKOT suffered a loss of his civil rights and his rights as a person with physical

16  disabilities to full and equal access to public facilities, and further suffered bodily injury on or

17  about February 12, 2008, including but not limited to, fatigue, stress, strain and pain in wheeling

18  and attempting to and/or transferring up, on, down, to, over, around and through architectural

19  barriers.  Specifically, as a legal result of defendants negligence in the design, construction and

20  maintenance of the existing guestroom, plaintiff MARSHALL LOSKOT was compelled to do a

21  "digital evacuation" on the bed which plaintiff MARSHALL LOSKOT considers an injury.

22       34.    Further, plaintiff MARSHALL LOSKOT suffered emotional distress, mental

23  distress, mental suffering, mental anguish, which includes, but is not limited to, shame,

24  humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally

25  associated with a person with physical disabilities being denied access, all to his damages as

26  prayed hereinafter in an amount within the jurisdiction of this court.  No claim is being made for

27  mental and emotional distress over and above that usually associated with the discrimination and

28  ///

1  physical injuries claimed, and no expert testimony regarding this usual mental and emotional
2  distress will be presented at trial in support of the claim for damages.

3      35.     Defendants', and each of their, failure to remove the architectural barriers
4  complained of herein created, at the time of plaintiff MARSHALL LOSKOT's first visit to said
5  public accommodation, and continues to create continuous and repeated exposure to substantially
6  the same general harmful conditions which caused plaintiff MARSHALL LOSKOT harm as
7  stated herein.

8      36.     Plaintiff MARSHALL LOSKOT and the membership of DREES were denied their
9  rights to equal access to a public facility by defendants DILIP R. PATEL and JAJA D. PATEL,
10 individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited
11 liability company , because defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba
12 AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company
13 maintained a Inn without access for persons with physical disabilities to its facilities, including
14 but not limited to signage, parking, lobby, guestrooms and other public areas as stated herein, and
15 continue to the date of filing this complaint to deny equal access to plaintiffs and other persons
16 with physical disabilities in these and other ways.

17     37.     On information and belief, construction alterations carried out by defendants have
18 also triggered access requirements under both California law and the Americans with Disabilities
19 Act of 1990.

20     38.     Plaintiffs, as described hereinbelow, seek injunctive relief to require the
21 AMERICAS BEST VALUE INN to be made accessible to meet the requirements of both
22 California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so
23 long as defendants operate the Inn as a public facility.

24     39.     Plaintiffs seek damages for violation of their civil rights on February 12, 2008,
25 February 13, 2008 and June 4, 2008 and they seek statutory damages of not less than $4,000,
26 pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day
27 after his visit that the trier of fact (court/jury) determines was the date that some or all remedial
28 work should have been completed under the standard that the landlord and tenant had an ongoing

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  duty to identify and remove architectural barriers where it was readily achievable to do so, which

2  deterred plaintiff MARSHALL LOSKOT from returning to the subject public accommodation

3  because of his knowledge and/or belief that neither some or all architectural barriers had been

4  removed and that said premises remains inaccessible to persons with disabilities whether a

5  wheelchair user or otherwise.

6      40.    On information and belief, defendants have been negligent in their affirmative duty

7  to identify the architectural barriers complained of herein and negligent in the removal of some or

8  all of said barriers.

9      41.    Because of defendants' violations, plaintiffs and other persons with physical

10  disabilities are unable to use public facilities such as those owned and operated by defendants on a

11  "full and equal" basis unless such facility is in compliance with the provisions of the Americans

12  with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

13  other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

14  defendants to make the AMERICAS BEST VALUE INN accessible to persons with disabilities.

15      42.    On information and belief, defendants have intentionally undertaken to modify and

16  alter existing building(s), and have failed to make them comply with accessibility requirements

17  under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

18  of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit

19  and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried

20  out by defendants, and each of them, with a willful and conscious disregard for the rights and

21  safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as

22  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of

23  defendants, and each of them, to other operators of other inns, hotels, motels and other public

24  facilities, and to punish defendants and to carry out the purposes of  the Civil Code §§ 51, 51.5

25  and 54.

26  ///

27  ///

28  ///

43.     Plaintiffs are informed and believe and therefore allege that defendants DILIP R.
PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN
INVESTMENT LLC, a limited liability company, and each of them, caused the subject
building(s) which constitute the AMERICAS BEST VALUE INN to be constructed, altered and
maintained in such a manner that persons with physical disabilities were denied full and equal
access to, within and throughout said building(s) of the Inn and were denied full and equal use of
said public facilities.  Furthermore, on information and belief, defendants have continued to
maintain and operate said inn and/or its building(s) in such conditions up to the present time,
despite actual and constructive notice to such defendants that the configuration of the Inn and/or
its building(s) is in violation of the civil rights of persons with physical disabilities, such as
plaintiff MARSHALL LOSKOT, the membership of plaintiff DREES and the disability
community which DREES serves.  Such construction, modification, ownership, operation,
maintenance and practices of such public facilities are in violation of Civil Code §§51, 51.5 and
54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

44.     On personal knowledge, information and belief, the basis of defendants' actual and
constructive notice that the physical configuration of the facilities including, but not limited to,
architectural barriers constituting the AMERICAS BEST VALUE INN and/or building(s) was in
violation of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is
not limited to, communications with invitees and guests, MARSHALL LOSKOT himself, owners
of other restaurants, hotels, motels and businesses, notices they obtained from governmental
agencies upon modification, improvement, or substantial repair of the subject premises and other
properties owned by these defendants, newspaper articles and trade publications regarding the
Americans with Disabilities Act of 1990 and other access laws, public service announcements by
former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information.
Defendants' failure, under state and federal law, to make the AMERICAS BEST VALUE INN
accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and
other similarly situated persons with disabilities.  Despite being informed of such effect on
plaintiff and other persons with physical disabilities due to the lack of accessible facilities,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 | defendants, and each of them, knowingly and willfully refused to take any steps to rectify the

2 | situation and to provide full and equal access for plaintiffs and other persons with physical

3 | disabilities to the Inn. Said defendants, and each of them, have continued such practices, in

4 | conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to

5 | the date of filing of this complaint, and continuing thereon. Defendants had further actual

6 | knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed

7 | to the defendants and served concurrently with the summons and complaint. Said conduct, with

8 | knowledge of the effect it was and is having on plaintiffs and other persons with physical

9 | disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of

10 | plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per

11 | Civil Code §§52 and 54.3.

12 |      45.    Plaintiff MARSHALL LOSKOT and plaintiff DREES, on behalf of its

13 | membership and the disability community which it serves, consisting of persons with disabilities,

14 | would, could and will return to the subject public accommodation when it is made accessible to

15 | persons with disabilities.

**I.     FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC**
16 | **ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
17 | **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS
18 | ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
    California public benefit corporation and Against Defendants DILIP R. PATEL and JAJA
19 | D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT
    LLC, a limited liability company, inclusive)
20 | (42 U.S.C. §12101, *et seq.*)

21 |      46.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

22 | allegations contained in paragraphs 1 through 45 of this complaint.

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

1        47.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

2 §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

3 protect:

4                     some 43 million Americans with one or more physical or mental
                    disabilities; [that] historically society has tended to isolate and
5                     segregate individuals with disabilities; [that] such forms of
                    discrimination against individuals with disabilities continue to be a
6                     serious and pervasive social problem; [that] the nation's proper
                    goals regarding individuals with disabilities are to assure equality of
7                     opportunity, full participation, independent living and economic
                    self-sufficiency for such individuals; [and that] the continuing
8                     existence of unfair and unnecessary discrimination and prejudice
                    denies people with disabilities the opportunity to compete on an
9                     equal basis and to pursue those opportunities for which our free
                    society is justifiably famous.

10
       48.     Congress stated as its purpose in passing the Americans with Disabilities Act of
11
1990 (42 U.S.C. §12102):
12
                    It is the purpose of this act (1) to provide a clear and comprehensive
13                     national mandate for the elimination of discrimination against
                    individuals with disabilities; (2) to provide clear, strong, consistent,
14                     enforceable standards addressing discrimination against individuals
                    with disabilities; (3) to ensure that the Federal government plays a
15                     central role in enforcing the standards established in this act on
                    behalf of individuals with disabilities; and (4) to invoke the sweep
16                     of Congressional authority, including the power to enforce the 14th
                    Amendment and to regulate commerce, in order to address the
17                     major areas of discrimination faced day to day by people with
                    disabilities.
18
       49.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336
19
(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services
20
Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public
21
accommodations identified for purposes of this title was:
22
                  (7)      PUBLIC ACCOMMODATION - The following private
23                     entities are considered public accommodations for purposes of this
                    title, if the operations of such entities affect commerce -
24                                     ---

25                     (A) an inn, hotel, motel, or other place of lodging, except for an establishment
                    located within a building that contains not more than five rooms for rent or hire
26                     and that is actually occupied by the proprietor of such establishment as the
                    residence of such proprietor.
27
                    42 U.S.C. §12181(7)(A)
28 ///

50.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

51.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)     a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)     a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)     a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

52.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of AMERICAS BEST VALUE INN  pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

53.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

54.     On information and belief, construction work on, and modifications of, the subject building(s) of AMERICAS BEST VALUE INN occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

55.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

56.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff MARSHALL LOSKOT  has not returned to defendants' premises since on or about June 4, 2008, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation. Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title".

57.     Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees. Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

58.     Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

59.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

60.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

61.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

62.     Plaintiff MARSHALL LOSKOT and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' AMERICAS BEST VALUE INN.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination,

2   in accordance with California Civil Code §54.3(a) for each day on which they visited or have been

3   deterred from visiting the Inn because of their knowledge and belief that the AMERICAS BEST

4   VALUE INN  is inaccessible to persons with disabilities.  California Civil Code §54.3(a)

5   provides:

> Any person or persons, firm or corporation, who denies or interferes
> with admittance to or enjoyment of the public facilities as specified
> in Sections 54 and 54.1 or otherwise interferes with the rights of an
> individual with a disability under Sections 54, 54.1 and 54.2 is
> liable for each offense for the actual damages and any amount as
> may be determined by a jury, or the court sitting without a jury, up
> to a maximum of three times the amount of actual damages but in
> no case less than . . .one thousand dollars ($1,000) and . . .
> attorney's fees as may be determined by the court in addition
> thereto, suffered by any person denied any of the rights provided in
> Sections 54, 54.1 and 54.2.

12          Civil Code §54.3(a)

13          63.     On or about February 12, 2008, February 13, 2008 and June 4, 2008, plaintiff

14   MARSHALL LOSKOT suffered violations of Civil Code §§54 and 54.1 in that plaintiff

15   MARSHALL LOSKOT was denied access to signage, parking, lobby, guest rooms and other

16   public facilities as stated herein at the AMERICAS BEST VALUE INN and on the basis that

17   plaintiff MARSHALL LOSKOT was a person with physical disabilities.

18          64.     As a result of the denial of equal access to defendants' facilities due to the acts and

19   omissions of defendants, and each of them, in owning, operating and maintaining these subject

20   public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

21   rights under Civil Code §§54, 54.1 and 54.3, and plaintiff MARSHALL LOSKOT suffered

22   physical discomfort, bodily injury on or about February 12, 2008, including but not limited to,

23   fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to,

24   over, around and through architectural barriers.  Specifically, as a legal result of defendants

25   negligence in the design, construction and maintenance of the existing guestroom, plaintiff

26   MARSHALL LOSKOT had to perform a "digital evacuation."  Plaintiff MARSHALL LOSKOT

27   considers this an injury.

28   ///

65.     Further, plaintiff MARSHALL LOSKOT suffered mental distress, mental suffering, mental anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are persons or an entity that represents persons with physical disabilities and unable, because of the architectural barriers created and maintained by the defendants in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

66.     Plaintiffs have been damaged by defendants', and each of their, wrongful conduct and seeks the relief that is afforded by Civil Code §§54 and 54.1 and 54.3 for violation of plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or about February 12, 2008, February 13, 2008 and June 4, 2008, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code according to proof.

67.     As a result of defendants', and each of their, acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also to compel the defendants to make their facilities accessible to all members of the public with disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of §1021.5 of the Code of Civil Procedure.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2  **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
          FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3        (On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS,
          ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
4        California public benefit corporation and Against Defendants DILIP R. PATEL and JAJA
          D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT
5        LLC, a limited liability company, inclusive)
          (Health & Safety Code §19955, *et seq.*)

6        68.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

7    allegations contained in paragraphs 1 through 67 of this complaint.

8        69.    Health & Safety Code §19955 provides in pertinent part:

9

10           The purpose of this part is to insure that public accommodations or
              facilities constructed in this state with private funds adhere to the
              provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
11           of Title 1 of the Government Code.  For the purposes of this part
              "public accommodation or facilities" means a building, structure,
12           facility, complex, or improved area which is used by the general
              public and shall include auditoriums, hospitals, theaters, restaurants,
13           hotels, motels, stadiums, and convention centers.  When sanitary
              facilities are made available for the public, clients or employees in
14           such accommodations or facilities, they shall be made available for
              the handicapped.

15

16       70.    Health & Safety Code §19956, which appears in the same chapter as §19955,

17   provides in pertinent part, "accommodations constructed in this state shall conform to the

18   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

     Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
19
     public accommodations constructed or altered after that date.  On information and belief, portions
20
     of the AMERICAS BEST VALUE INN and/or of the building(s) were constructed and/or altered
21
     after July 1, 1970, and substantial portions of the Inn  and/or the building(s) had alterations,
22
     structural repairs, and/or additions made to such public accommodations after July 1, 1970,
23
     thereby requiring said Inn and/or building to be subject to the requirements of Part 5.5, §19955, *et*
24
     *seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions per Health
25
     & Safety Code §19959.
26
     ///
27
     ///
28

71.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of the AMERICAS BEST VALUE INN and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

72.     Inns such as the AMERICAS BEST VALUE INN are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

73.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

74.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5. Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3  and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2           75.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

3    them, to make the subject place of public accommodation readily accessible to and usable by

4    persons with disabilities.

5           Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

6    **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
             EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
7            AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
             SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
8            (On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS,
             ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
9            California public benefit corporation, and Against Defendants DILIP R. PATEL and JAJA
             D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT
10           LLC, a limited liability company, inclusive)
             (Civil Code §51, 51.5)
11
12          76.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

13   allegations contained in paragraphs 1 through 75 of this complaint.

14          77.     Defendants' actions and omissions and failure to act as a reasonable and prudent

15   public accommodation in identifying, removing and/or creating architectural barriers, policies,

     practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The
16
     Unruh Act provides:
17
                            This section shall be known, and may be cited, as the Unruh
18                   Civil Rights Act.

19                          All persons within the jurisdiction of this state are free and
                     equal, and no matter what their sex, race, color, religion, ancestry,
20                   national origin, or **disability** are entitled to the full and equal
                     accommodations, advantages, facilities, privileges, or services in all
21                   business establishments of every kind whatsoever.

22                          This section shall not be construed to confer any right or
                     privilege on a person that is conditioned or limited by law or that is
23                   applicable alike to persons of every sex, color, race, religion,
                     ancestry, national origin, or **disability.**
24   ///

25   ///

26   ///

27   ///

28   ///

     COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

          Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

2

modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by other

3

provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything

4

in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,

5

alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.

6

7

          A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
also constitute a violation of this section.

8

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

9

"intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

10

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

11

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

12

defendants, and each of them.

13

      78.     The acts and omissions of defendants stated herein are discriminatory in nature and

14

in violation of Civil Code §51.5:

15

          No business establishment of any kind whatsoever shall

16

discriminate against, boycott or blacklist, refuse to buy from, sell to,
or trade with any person in this state because of the race, creed,

17

religion, color, national origin, sex, or **disability** of the person or of
the person's partners, members, stockholders, directors, officers,

18

managers, superintendents, agents, employees, business associates,
suppliers, or customers.

19

          As used in this section, "person" includes any person, firm

20

association, organization, partnership, business trust, corporation,
limited liability company, or company.

21

          Nothing in this section shall be construed to require any

22

construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,

23

alteration, repair or modification that is otherwise required by other
provisions of law, to any new or existing establishment, facility,

24

building, improvement, or any other structure . . . nor shall anything
in this section be construed to augment, restrict or alter in any way

25

the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect otherwise

26

possesses pursuant to other laws.

27

///

28

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       79.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal

2  accommodations, advantages, facilities, privileges and services in a business establishment, on the

3  basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.

4  Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the

5  right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)

6  shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of

7  their above cause of action for violation of the Americans with Disabilities Act at §46, *et seq*., as

8  if repled herein.

9       80.    As a legal result of the violation of plaintiff MARSHALL LOSKOT's civil rights

10  as hereinabove described, plaintiff MARSHALL LOSKOT has suffered general damages, bodily

11  injury on or about February 12, 2008, including but not limited to, fatigue, stress, strain and pain

12  in wheeling and attempting to and/or transferring up, on, down, to, over, around and through

13  architectural barriers. Specifically, as a legal result of defendants negligence in the design,

14  construction and maintenance of the existing inaccessible bathroom within the guestroom.

15  Plaintiff MARSHALL LOSKOT had to perform a "digital evacuation" on the bed and wallow in

16  his own feces. Plaintiff MARSHALL LOSKOT considers this to be an injury.

17       81.    Further, plaintiff MARSHALL LOSKOT suffered physical injury, emotional

18  distress (all to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and

19  costs). Plaintiffs MARSHALL LOSKOT and DREES are entitled to the rights and remedies of

20  §52(a) of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil

21  Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs,

22  as is allowed by statute, according to proof if deemed to be the prevailing party.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs MARSHALL LOSKOT  and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company  , inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company,  inclusive, to make the AMERICAS BEST VALUE INN, located at 155 Shoreline Highway, Mill Valley, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company  , inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company,  inclusive, to make the AMERICAS BEST VALUE INN, located at 155 Shoreline Highway, Mill Valley, California, readily accessible to and usable by individuals with disabilities, per state law.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   2.   Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2   each occasion on which plaintiffs were deterred from returning to the subject public

3   accommodation.

4   3.   Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

5   if plaintiffs are deemed the prevailing party;

6   4.   Treble damages pursuant to Civil Code §54.3;

7   5.   For all costs of suit;

8   6.   Prejudgment interest pursuant to Civil Code §3291;

9   7.   Such other and further relief as the court may deem just and proper.

10  **III.   PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

11  **AND 54.3, *ET SEQ.***
(On Behalf of Plaintiff MARSHALL LOSKOT, and Against Defendants DILIP R. PATEL

12  and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company, inclusive),

13  (California Civil Code §§54, 54.1, 54.3, *et seq.*)

14  1.   General and compensatory damages according to proof.

15  **IV.   PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**

16  **§19955, *ET. SEQ.***
(On Behalf of Plaintiffs MARSHALL LOSKOT  and DISABILITY RIGHTS

17  ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants DILIP R. PATEL and JAJA

18  D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company, inclusive)

19  (Health & Safety code §19955, *et seq.*)

20  1.   For injunctive relief, compelling defendants DILIP R. PATEL and JAJA D.

21  PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a

22  limited liability company,  inclusive, to make the AMERICAS BEST VALUE INN, located at

23  155 Shoreline Highway, Mill Valley, California, readily accessible to and usable by individuals

24  with disabilities, per state law.

25  2.   For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

26  alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

27  3.   For all costs of suit;

28  4.   For prejudgment interest pursuant to Civil Code §3291;

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

1       5.      Such other and further relief as the court may deem just and proper.

2  **V.**     **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs MARSHALL LOSKOT and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN INVESTMENT LLC, a limited liability company, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

       1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

       2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

       3.      Treble damages pursuant to Civil Code §52(a);

       4.      For all costs of suit;

       5.      Prejudgment interest pursuant to Civil Code §3291; and

       6.      Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **VI.  PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

2

3  (On Behalf of Plaintiff MARSHALL LOSKOT, and Against Defendants DILIP R. PATEL and JAJA D. PATEL, individuals dba AMERICAS BEST VALUE INN; and RTRN

4  INVESTMENT LLC, a limited liability company, inclusive) (California Civil Code §§51, 51.5, *et seq.*)

5

6  1.  General and compensatory damages to plaintiff MARSHALL LOSKOT  according

to proof.

7

8

Dated: _____8/25/08_____, 2008     THOMAS E. FRANKOVICH

9                                                    *A PROFESSIONAL LAW CORPORATION*

10

11                                          By: _____

12                                               THOMAS E. FRANKOVICH
                                                 Attorneys for Plaintiffs MARSHALL LOSKOT and

13                                               DISABILITY RIGHTS ENFORCEMENT, EDUCATION,
                                                 SERVICES:HELPING YOU HELP OTHERS, a California

14                                               public benefit corporation

15                          **DEMAND FOR JURY TRIAL**

16     Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

17  Dated: _____8/25/08_____, 2008     THOMAS E. FRANKOVICH
                                                     *A PROFESSIONAL LAW CORPORATION*

18

19

20                                          By: _____
                                               THOMAS E. FRANKOVICH

21                                               Attorneys for Plaintiffs MARSHALL LOSKOT and
                                                 DISABILITY RIGHTS, ENFORCEMENT, EDUCATION,

22                                               SERVICES:HELPING YOU HELP OTHERS, a California
                                                 public benefit corporation

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES



Marshall Loskot
P.O. Box 1
1 Mushroom Lane
Platina, CA 96076

February 21, 2008

America Best Value Inn business owners and managers
155 Shoreline HW
Mill Valley, CA 94941

Dear Sir or Madam:

Let me introduce myself, my name is Marshall Loskot.  I have a disability, requiring full time use of a wheelchair.  Recently, I called ahead for a disabled accessible room and your employee indicated you had an accessible room.  I came and rented a room that Bill the desk clerk indicated was your accessible room at your America B Value Inn.  As a wheelchair user I had access problems with the door, threshold, table, beds, the bathroom, and rear entry door in my accessible room.  These and other problems made it extremely difficult and impossible to properly enjoy and utilize my rented room and motel as advertised during my stay at your America Best Value Inn.  I can only assume that if you don't get the most current and proper information from proper public agencies*, and properly repair your access problems that there is no intent by the building owner and America Best Value Inn business to make these necessary repairs.  I can only hope that the repairs are made before I or another disabled person must be forced to endure injury from these continuing access problems that an able bodied person could easily overcome.  Please write me over the next 2 weeks with your written guarantee, schedule and a list of the necessary repairs you will make over the next 2 to 3 three months.  I am off of the farm a lot on business trips so would you please send your letter by FedEx, UPS so it doesn't get lost in our regular day to day US mail and it will be brought to my immediate attention.  I travel a lot on business and to visit family and business associates in your area and would like to drop by and stay at your Inn when I am in the area again.  If there is a problem doing this, please write and let me know.  If you are not the person that handles these repair problems, I trust that you will forward this letter to whoever is in charge of making these repairs.
  Repairing your business is good for the disabled community and it is good for your business.

Thanks for considering my request,

*Marshall Loskot*
Marshall Loskot

* Two possible public sources (but there are many more) of the needed information on exactly what you need to do to make the necessary repairs to your business.
  1. Pacific Disability and Business Technical Assistance Center (Pacific DBTAC)
     1-800-949-4232 or 510-285-5600, www.pacdbtac.org
  2. The DOJ
     1-800-514-0301, www.usdoj.gov/crt/ada/adahom1.htm
They can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals.
This information and information from other government sources can enable you to do the necessary repairs

Marshall Loskot
P.O. Box 1
1 Mushroom Lane
Platina, CA 96076

February 21, 2008

America Best Value Inn property owner
155 shoreline HW
Mill Valley, CA 94941

Dear Sir or Madam:

Let me introduce myself, my name is Marshall Loskot.   I have a disability, requiring full time
use of a wheelchair.  Recently, I called ahead for a disabled accessible room and your employee
indicated you had an accessible room.  I came and rented a room that Bill the desk clerk indicated
was your accessible room at your America B Value Inn.  As a wheelchair user I had access
problems with the door, threshold, table, beds, the bathroom, and rear entry door in my accessible
room.  These and other problems made it extremely difficult and impossible to properly enjoy and
utilize my rented room and motel as advertised during my stay at your America Best Value Inn.  I
can only assume that if you don't get the most current and proper information from proper public
agencies*, and properly repair your access problems that there is no intent by the building owner
and America Best Value Inn business to make these necessary repairs.  I can only hope that the
repairs are made before I or another disabled person must be forced to endure injury from these
continuing access problems that an able bodied person could easily overcome.  Please write me
over the next 2 weeks with your written guarantee, schedule and a list of the necessary repairs
you will make over the next 2 to 3 three months.  I am off of the farm a lot on business trips so
would you please send your letter by FedEx, UPS so it doesn't get lost in our regular day to day
US mail and it will be brought to my immediate attention.  I travel a lot on business and to visit
family and business associates in your area and would like to drop by and stay at your Inn when I
am in the area again.  If there is a problem doing this, please write and let me know.  If you are
not the person that handles these repair problems, I trust that you will forward this letter to
whoever is in charge of making these repairs.
 Repairing your business is good for the disabled community and it is good for your business.

Thanks for considering my request,

*Marshall Loskot*

Marshall Loskot

* Two possible public sources (but there are many more) of the needed information on exactly what you need to do to
make the necessary repairs to your business.
 1.  Pacific Disability and Business Technical Assistance Center (Pacific DBTAC)
      1-800-949-4232 or 510-285-5600, www.pacdbtac.org
 2.  The DOJ
      1-800-514-0301, www.usdoj.gov/crt/ada/adahom1.htm
They can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals.
This information and information from other government sources can enable you to do the necessary repairs

Marshall Loskot
P.O. Box 1
1 Mushroom Lane
Platina, CA 96076

March 18 2008

America Best Value Inn business owners and managers
155 Shoreline HW
Mill Valley, CA 94941

Dear Sir or Madam:

In my letter to you (attached copy) I requested that you write me over the next 2 weeks with your written guarantee, schedule and a list of the necessary repairs you will make over the next 2 to 3 three months. In your reply letter to me: There was no written guarantee, no list of handicapped access repairs you will make and no schedule for when the necessary repairs will be completed. Let me make this absolutely clear; 1. I want you to write me a letter with your personal guarantee that you will make the necessary mandated repairs. 2. I want you to write me a list of what necessary mandated handicapped access repairs you will make to the handicapped room. 3. I want you to write and inform me exactly when you will complete these mandated repairs over the next 2 months. This is absolutely necessary so that I may make plans to stay at your motel without incurring further injuries when I am in the Bay area for business. I would like this information sent to me by UPS, fed ex or certified mail over the next 2 weeks or you will force me to pursue my other options in get this matter resolved..
Repairing your business is good for the disabled community and it is good for your business.

Thanks for considering my request,

*Marshall Lbf*

Marshall Loskot

* Two possible public sources (but there are many more) of the needed information on exactly what you need to do to make the necessary repairs to your business.
1. Pacific Disability and Business Technical Assistance Center (Pacific DBTAC)
   1-800-949-4232 or 510-285-5600, www.pacdbtac.org
2. The DOJ
   1-800-514-0301, www.usdoj.gov/crt/ada/adahom1.htm
They can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals.
This information and information from other government sources can enable you to do the necessary repairs

Marshall Loskot
P.O. Box 1
1 Mushroom Lane
Platina, CA 96076

March 18 2008

America Best Value Inn property owner
155 Shoreline HW
Mill Valley, CA 94941

Dear Sir or Madam:
In my letter to you (attached copy) I requested that you write me over the next 2 weeks with your written guarantee, schedule and a list of the necessary repairs you will make over the next 2 to 3 three months. In your reply letter to me: There was no written guarantee, no list of handicapped access repairs you will make and no schedule for when the necessary repairs will be completed. Let me make this absolutely clear; 1.  I want you to write me a letter with your personal guarantee that you will make the necessary mandated repairs.  2.  I want you to write me a list of what necessary mandated handicapped access repairs you will make to the handicapped room.  3.  I want you to write and inform me exactly when you will complete these mandated repairs over the next 2 months.  This is absolutely necessary so that I may make plans to stay at your motel without incurring further injuries when I am in the Bay area for business.  I would like this information sent to me by UPS, fed ex or certified mail over the next 2 weeks or you will force me to pursue my other options in get this matter resolved..
Repairing your business is good for the disabled community and it is good for your business.

Thanks for considering my request,

*Marshall Loskot*

Marshall Loskot

Americas Best Value Inn
155 Shoreline Hwy.
Mill Valley, CA  94941
Ph: (415) 332-1732
Fax: (415) 332-0656

March 25, 2008

Marshall Loskot
P.O. Box 1
1 Mushroom Lane
Platina, CA  96076

Dear Mr. Marshall Loskot,

After reviewing your most current letter, we understand we did not provide you with the most current and updated information. As the owner of the Americas Best Value Inn here in Mill Valley, I would like to give you my personal guarantee that the necessary repairs will be made to our accessible room.

The following is a list of the repairs that will be made to the handicapped room:
1. Office Automatic Door – has been ordered  (estimated completion: 4-6 weeks)
2. Rear Entry Door – has already been completed
3. Threshold – estimated completion: sometime in the first week of April.
4. Table & Bathroom: Can you provide us future information on the table and bathroom areas of the guestroom, because as of right now, we feel that they are accessible areas. Also, would you be able to specify which table you are referring to in the guestroom. (We would really appreciate it if you can provide us with follow up in the next two weeks)

The schedule completions of all repairs at this time are estimated to be completed by June 1, 2008.

We hope that you can enjoy your stay with us once these repairs have been made. We thank you for your patience in this matter and would like to work with you in providing the best hospitable stay at our Inn.

Respectfully yours,

Dilip Patel
Owner
Americas Best Value Inn
Mill Valley, CA

Marshall Loskot
P.O. Box 1
1 Mushroom Lane
Platina, CA 96076

April 28, 2008

America Best Value Inn property owners and managers
155 Shoreline HW
Mill Valley, CA 94941

Dear Sir or Madam:

This is my 3rd letter to you regarding the injuries and discrimination I was forced to experience
from renting your non ADA compliant room for the disabled at your America's Best Value Inn. I
have since talked to you and given you more sources of repair information and the local
government ADA person for Marin County. I still expect you to send me the written guarantee
and schedule to properly repair the room up to ADA standards before someone else experiences
further injury and discrimination at your Inn. I still have not received your letter of written
guarantee and schedule to repair this room (up to ADA standards) that caused me serious pain,
injury and the discrimination incident. Please write me with the document over the next two
weeks or I will be forced to seek other remedies to address my grievances and injuries with you
America's Best Value Inn.
Let me make this absolutely clear; 1. I want you to write me a letter with your personal written
guarantee that you will make the necessary mandated repairs. 2. I want you to write me a list of
what necessary mandated handicapped access repairs you will make to the handicapped room. 3.
I want you to write and inform me exactly when you will complete these mandated repairs over
the next 2 months. This is absolutely necessary so that I may make plans to stay at your motel
without incurring further injuries when I am in the Bay area for business. I would like this
information sent to me by UPS, fed ex or certified mail over the next 2 weeks or you will force
me to pursue my other options in get this matter resolved..
Repairing your business is good for the disabled community and it is good for your business.

Thanks for considering my request,

*Marshall Loskot*

Marshall Loskot

* Two possible public sources (but there are many more) of the needed information on exactly what you need to do to
make the necessary repairs to your business.
 1. Pacific Disability and Business Technical Assistance Center (Pacific DBTAC)
    1-800-949-4232 or 510-285-5600, www.pacdbtac.org
 2. The DOJ
    1-800-514-0301, www.usdoj.gov/crt/ada/adahom1.htm
They can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals.
This information and information from other government sources can enable you to do the necessary repairs